## PennDOT v. Vecchione

*Marc A. Werlinsky, assistant chief counsel,* for the Commonwealth.

*Richard S. Packell,* for defendant.

GRIFO, *S.J.*, December 10, 1991—This case comes before the court on the appeal of Michael Louis Vecchione, from the notice of suspension of his driving privileges dated April 9, 1990. This opinion is dispositive of the issues tried before the court.

The facts relevant for consideration center upon the defendant having suffered an epileptic seizure on December 19, 1990.

Pursuant to state statute, doctors are mandated to notify the Department of Transportation if such a disorder occurs, which may affect a driver's fitness to safely operate a motor vehicle in the Commonwealth.

Stephen M. Gollomp, M.D., defendant's neurologist, filed a notice with the Department of Transportation which resulted in the notice being issued pursuant to 75 Pa.C.S. §1519(c) of the Motor Vehicle Code.

The defendant timely appealed the suspension which resulted in a hearing on July 1, 1991, depositions of Dr. Gollomp on August 28, 1991, and an abbreviated hearing on September 4, 1991.

The thrust of the Commonwealth's case is that the defendant had suffered a seizure on December 19, 1990, and thus, should have his license recalled for a period of one year, so long as he has not suffered any further seizures whether or not the defendant is taking medication.

Defendant argues that the one-year suspension, although required by section 1519(c) of the Motor Vehicle Code, has been modified by the ability of the Department of Transportation to waive the freedom from seizure requirements, when there exists "a specific recommendation by a licensed physician who specializes in neurology and who certifies that a specific prolonged aura, accompanied by sufficient warning, has been established

over a period of at least five years immediately preceding, with or without medication." See 67 Pa. Code §83.4(c)(2).

The testimony of defendant's physician established that the seizure on December 19, 1990, was preceded by an aura which we find is sufficient to meet the warning requirement.

Secondly, the defendant is now taking medication. Tegretol, which is an anti-convulsive drug.

Thirdly, defendant, while on Tegretol, has a risk of seizure only slightly greater than the general population.

Finally, this history as to seizures has been developed over a period of five years.

After reviewing the evidence the court accepts the evidence of the defendant and his physician, Stephen M. Gollomp M.D. and finds that the defendant has met the burden of establishing that he is competent to safely operate a motor vehicle in this Commonwealth. The evidence was sufficient to warrant a waiver of the requirements of section 1519(c) as set forth in title 67, section 83.4 of the Pennsylvania Code.

Accordingly, the court enters the following order.

## ORDER

And now, December 10, 1991, the appeal of the defendant, Michael Louis Vecchione, is hereby sustained.